# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

IN RE:    Michael Isbell, Jr.          :        Case No. 15-55035
          Rebecca Isbell

                                       :        Chapter 13

                                       :        Judge Preston

## CHAPTER 13 TRUSTEE'S APPROVAL
## OF DEBTORS' APPLICATION TO INCUR DEBT

Now comes Frank M. Pees, Chapter 13 Trustee, and hereby provides notice to the

Court of the Debtors' application to incur post-petition debt (see Application attached

hereto). The Debtors are proposing to incur debt for the purpose of purchasing a vehicle.

Pursuant to Local Bankruptcy Rule 4001-3, and upon review of the Debtors'

application, the Trustee **APPROVES** said application to incur debt under the terms
*Based on Debtor funds added to plan*
outlined in the application.

Dated: 4/20/17

_____

**Frank M. Pees**
Chapter 13 Trustee
130 East Wilson Bridge Road, Suite # 200
Worthington, Ohio 43085-6300
(614) 436-6700
trustee@ch13.org

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| IN RE: | Michael Isbell, Jr.<br>Rebecca Isbell | : | Case No. 15-55035 |
| | | : | Chapter 13 |
| | | : | Judge Preston |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Chapter 13 Trustee's Approval of

Debtors' Application to Incur Debt was served (i) **electronically** on the date of filing

through the court's ECF System on all ECF participants registered in this case at the

email address registered with the court and (ii) by **ordinary U.S. Mail** on

_April 20_____, 2017, addressed to:

Michael Isbell, Jr.
Rebecca Isbell
4056 Owsley Street
Columbus, OH 43207

_____
**Frank M. Pees**
Chapter 13 Trustee
130 East Wilson Bridge Road, Suite # 200
Worthington, Ohio  43085-6300
(614) 436-6700
trustee@ch13.org

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

In re: Michael Isbell, Jr. and Rebecca Isbell    :    Case No.   15-55035

                                              :    Chapter 13

                                              :    Judge   C. Kathryn Preston

## APPLICATION TO INCUR DEBT

This application must be completed by Debtor(s)' bankruptcy attorney. Please review Local Bankruptcy Rule 4001-3 for guidance.

**PLEASE NOTE THAT INCOMPLETE APPLICATIONS WILL NOT BE APPROVED.**

**Reasons the Debtor needs credit.**

☒ Purchase Vehicle        ☐ Purchase Home/Acreage        ☐ Purchase Tools

☐ Repair House        ☐ Repair Vehicle        ☐ Refinance Vehicle

☐ Refinance Mortgage        ☐ Obtain Student Loan        ☐ Other

**Is this a re-submission after a previous denial?**      ☐ Yes

**Have any previous post-petition requests for credit been made?**      ☐ Yes

**(1) A statement in support of the feasibility of the request, and the reason credit is needed:**

Debtors are in a 100% plan. The amended schedules I and J show the payment amount is feasible

**(2) A description of the item to be purchased or the collateral affected by the credit to be obtained:**

2015 Chevrolet Equinox with 34,440 miles

**(3) A description of the interest held by any other entity in any collateral affected by the credit:**

Lindsay Automotive, Inc. dba Lindsay Honda owner

**(4) A description of any method or proposal by which an interest held by any other entity in the collateral affected by the credit may be protected:**

N/A

**(5) The terms of financing:**
     (a) Loan Amount      16,577.25
     (b) Monthly Payment      381.32
     (c) Term of Loan      66 months
     (d) Interest Rate      15.95%

**(6) Down Payment?**      ☒ Yes
     (a) Amount of Down Payment    2000.00
     (b) Source of the down payment. (Debtor savings, gift from family, insurance proceeds, tax refund, bonus, etc.) List all that apply and the amounts for each category

Debtor savings $2000.00

**(7) Have the prospective payments for this collateral already been provided for in the plan or schedules?**(i.e. Schedule J provided for anticipated car payment. Plan payment scheduled to decrease when lease expired.) ☐ Yes

**(8) Does the plan need to be modified in order to make this application feasible?** ☐ Yes

**(9) Please attach Amended Schedules I and J supporting the feasibility of this application**.

**(10) Please provide all available loan documentation, purchase agreement, and/or financing information regarding the request.**

**(11) Please provide any additional information as appropriate:**

## Purchase Vehicle

*Please note that the Trustee will not approve financing for gap insurance, extended warranty, credit, life, or disability insurance.*

**(1) Please indicate the make, model, year, and mileage of the vehicle that the debtor proposes to purchase.**

2015 Chevrolet Equinox 2015 with 34,440 miles

**(2) Please identify seller or dealership.**

Lindsay Automotive, Inc. dba Lindsay Honda

**(3) Please indicate the lender or entity financing the purchase.**

Friendly Finance Corporation

**(4) List all vehicles the debtor had at the time of filing, any additional vehicles being used by the debtor, and the condition of all the vehicles.**

2013 Nissan Altima - good condition, 2007 Mazda CX-7 - total loss from accident

**(5) Has the debtor obtained any vehicles since the time of filing?** ☐ Yes

(a) Please indicate how debtor acquired these vehicles

(b) Please indicate if the vehicle(s) are currently in the possession of the debtor, and if not, indicate what happened to these vehicles.

**(6) Is the debtor trading in a vehicle as part of the purchase?** ☐ Yes

**(7) Does vehicle need to be purchased due to high costs of repair?** ☐ Yes

**(8) Is Debtor purchasing a vehicle to replace a damaged vehicle?** ☒ Yes

(a) Please indicate the amount of any insurance proceeds and provide the proposed distribution/use of the non-exempt insurance proceeds.

$5575.39 currently being held by trustee, these funds are not being used at this time.

Respectfully Submitted,

/s/ Andrew D. Jones

Andrew D. Jones 0078697
Barr, Jones & Associates LLP
150 East Mound Street, Suite 200
Columbus, OH 43215
(614) 224-9001
Fax: (614) 224-9144
ajones@barrjoneslegal.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the Debtor(s) by U.S. mail, postage prepaid this 4th day of April 2017.

Debtor(s)


/s/ Andrew D. Jones
_____

Andrew D. Jones (0078697)

Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Michael Isbell, Jr.** |
| Debtor 2<br>(Spouse, if filing) | **Rebecca Isbell** |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF OHIO |
| Case number<br>(if known) | **2:15-bk-55035** |

Check if this is:

☐ An amended filing

■ A supplement showing post-petition chapter
13 income as of the following date:
___**3/29/2017**___
MM / DD/ YYYY

# Official Form B 6I
# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:  Describe Employment

1.  **Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| Employment status | | ■ Employed<br>☐ Not employed | ■ Employed<br>☐ Not employed |
| Occupation | | Incident manager | **Nurse** |
| Employer's name | | JPMorgan Chase Bank | **Select Employment Services** |
| Employer's address | | 1111 Polaris Parkway<br>Columbus, OH 43240 | 4714 Gettysburg Road<br>Mechanicsburg, PA 17055 |
| How long employed there? | | 1 year | |

## Part 2:  Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | | For Debtor 1 | | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. | $ | 6,933.33 | $ | 4,389.67 |
| 3. | Estimate and list monthly overtime pay. | 3. | +$ | 0.00 | +$ | 0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $ | 6,933.33 | $ | 4,389.67 |

Official Form B 6I
Schedule I: Your Income
page 1

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | Copy line 4 here | 4. | $ __6,933.33__ | $ __4,389.67__ |

5. **List all payroll deductions:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 5a. | **Tax, Medicare, and Social Security deductions** | 5a. | $ __1,804.03__ | $ __990.32__ |
| 5b. | **Mandatory contributions for retirement plans** | 5b. | $ __0.00__ | $ __0.00__ |
| 5c. | **Voluntary contributions for retirement plans** | 5c. | $ __525.79__ | $ __0.00__ |
| 5d. | **Required repayments of retirement fund loans** | 5d. | $ __112.00__ | $ __0.00__ |
| 5e. | **Insurance** | 5e. | $ __56.18__ | $ __0.00__ |
| 5f. | **Domestic support obligations** | 5f. | $ __0.00__ | $ __0.00__ |
| 5g. | **Union dues** | 5g. | $ __0.00__ | $ __0.00__ |
| 5h. | **Other deductions. Specify:** __Employee Stock Purchase__ | 5h.+ | $ __86.67__  + | $ __0.00__ |

6. **Add the payroll deductions.** Add lines 5a+5b+5c+5d+5e+5f+5g+5h.   6.   $ __2,584.67__   $ __990.32__

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ __4,348.66__   $ __3,399.35__

8. **List all other income regularly received:**

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 8a. | **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ __0.00__ | $ __0.00__ |
| 8b. | **Interest and dividends** | 8b. | $ __0.00__ | $ __0.00__ |
| 8c. | **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ __0.00__ | $ __0.00__ |
| 8d. | **Unemployment compensation** | 8d. | $ __0.00__ | $ __0.00__ |
| 8e. | **Social Security** | 8e. | $ __0.00__ | $ __0.00__ |
| 8f. | **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | 8f. | $ __0.00__ | $ __0.00__ |
| 8g. | **Pension or retirement income** | 8g. | $ __731.36__ | $ __0.00__ |
| 8h. | **Other monthly income. Specify:** __Net Pay from the Army__ | 8h.+ | $ __547.14__  + | $ __0.00__ |

9. **Add all other income.** Add lines 8a+8b+8c+8d+8e+8f+8g+8h.   9.   $ __1,278.50__   $ __0.00__

10. **Calculate monthly income.** Add line 7 + line 9.   10.   $ __5,627.16__  + $ __3,399.35__  = $ __9,026.51__
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.

11. **State all other regular contributions to the expenses that you list in Schedule J.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: _____   11.   +$ __0.00__

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities* and Related *Data*, if it applies   12.   $ __9,026.51__

    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ■  No.
    ☐  Yes. Explain: _____

Fill in this information to identify your case:

Debtor 1 **Michael Isbell, Jr.**

Debtor 2 **Rebecca Isbell**
(Spouse, if filing)

United States Bankruptcy Court for the: SOUTHERN DISTRICT OF OHIO

Case number **2:15-bk-55035**
(If known)

Check if this is:

☐ An amended filing

■ A supplement showing post-petition chapter 13 expenses as of the following date:

**3/29/2017**
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

## Official Form B 6J
## Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.

   ■ Yes. Does Debtor 2 live in a separate household?

      ■ No

      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?** ☐ No

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ■ Yes. Fill out this information for each dependent..............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| | | ☐ No |
| **Daughter** | **5** | ■ Yes |
| | | ☐ No |
| **Daughter** | **12** | ■ Yes |
| | | ☐ No |
| | | ☐ Yes |
| | | ☐ No |
| | | ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ■ No

   ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I.)

**Your expenses**

| | | | |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. $ | 1,050.00 |
| | If not included in line 4: | | |
| 4a. | Real estate taxes | 4a. $ | 0.00 |
| 4b. | Property, homeowner's, or renter's insurance | 4b. $ | 0.00 |
| 4c. | Home maintenance, repair, and upkeep expenses | 4c. $ | 74.00 |
| 4d. | Homeowner's association or condominium dues | 4d. $ | 0.00 |
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. $ | 0.00 |

| 6.  | **Utilities:** | | | |
|-----|----------------|---|---|---|
|     | 6a.  | Electricity, heat, natural gas | 6a. $ | 120.00 |
|     | 6b.  | Water, sewer, garbage collection | 6b. $ | 25.00 |
|     | 6c.  | Telephone, cell phone, Internet, satellite, and cable services | 6c. $ | 460.00 |
|     | 6d.  | Other. Specify: | 6d. $ | 0.00 |
| 7.  | **Food and housekeeping supplies** | | 7. $ | 794.00 |
| 8.  | **Childcare and children's education costs** | | 8. $ | 680.00 |
| 9.  | **Clothing, laundry, and dry cleaning** | | 9. $ | 244.00 |
| 10. | **Personal care products and services** | | 10. $ | 70.00 |
| 11. | **Medical and dental expenses** | | 11. $ | 240.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | | 12. $ | 424.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | | 13. $ | 150.00 |
| 14. | **Charitable contributions and religious donations** | | 14. $ | 0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | | |
|     | 15a. | Life insurance | 15a. $ | 0.00 |
|     | 15b. | Health insurance | 15b. $ | 0.00 |
|     | 15c. | Vehicle insurance | 15c. $ | 105.00 |
|     | 15d. | Other insurance. Specify: | 15d. $ | 0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: | | 16. $ | 0.00 |
| 17. | **Installment or lease payments:** | | | |
|     | 17a. | Car payments for Vehicle 1 | 17a. $ | 381.32 ↑ 381 |
|     | 17b. | Car payments for Vehicle 2 | 17b. $ | 0.00 |
|     | 17c. | Other. Specify: | 17c. $ | 0.00 |
|     | 17d. | Other. Specify: | 17d. $ | 0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 6I).** | | 18. $ | 0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: | | 19. $ | 0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | | |
|     | 20a. | Mortgages on other property | 20a. $ | 0.00 |
|     | 20b. | Real estate taxes | 20b. $ | 0.00 |
|     | 20c. | Property, homeowner's, or renter's insurance | 20c. $ | 0.00 |
|     | 20d. | Maintenance, repair, and upkeep expenses | 20d. $ | 0.00 |
|     | 20e. | Homeowner's association or condominium dues  storage unit ↓ $60 | 20e. $ | 0.00 |
| 21. | **Other: Specify:** | | 21. +$ | 0.00 |
| 22. | **Your monthly expenses.** Add lines 4 through 21. The result is your monthly expenses. | | 22. $ | 4,817.32 |
| 23. | **Calculate your monthly net income.** | | | |
|     | 23a. | Copy line 12 *(your combined monthly income)* from Schedule I. | 23a. $ | 9,026.51 |
|     | 23b. | Copy your monthly expenses from line 22 above. | 23b. -$ | 4,817.32 |
|     | 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. $ | 4,209.19 |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**
For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

■ No.

☐ Yes.
Explain:

### RETAIL INSTALLMENT SALE CONTRACT
### SIMPLE FINANCE CHARGE

Dealer Number _____ Contract Number **246911**

| Buyer Name and Address (Including County and Zip Code) **MICHAEL ISBELL** | Co-Buyer Name and Address (Including County and Zip Code) **REBECCA ISBELL** | Creditor-Seller (Name and Address) **LINDSAY AUTOMOTIVE, INC dba LINDSAY HONDA 5959 SCARBOROUGH BLVD. COLUMBUS, OH 43232** |
|---|---|---|
| ' | ' | |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements in this contract. You agree to pay the Creditor - Seller (sometimes "we" or "us" in this contract) the Amount Financed and Finance Charge in U.S. funds according to the payment schedule below. We will figure your finance charge on a daily basis. The Truth-In-Lending Disclosures below are part of this contract.

| New/Used/Demo | Year | Make and Model | Vehicle Identification Number | Mileage | Primary Use For Which Purchased |
|---|---|---|---|---|---|
| **USED** | 2015 | **CHEVROLET EQUINOX** | 2GNFLFEKXF6232840 | ☐ estimate ☐ actual **34440** | Personal, family, or household unless otherwise indicated below ☐ business ☐ agricultural ☐ ____ |

#### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. | Total Sale Price The total cost of your purchase on credit, including your down payment of $ **2000.00** is |
|---|---|---|---|---|
| **15.95** % | $ **8589.87** | $ **16577.25** | $ **25167.12** | $ **27167.12** |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| **66** | **381.32** | Monthly beginning **05/11/2017** |

Or As Follows:

**N/A**

Late Charge. If payment is not received in full within ___10___ days after it is due, you will pay a late charge of $ __20__ or __5__ % of each installment, whichever is __greater__.

Prepayment. If you pay off all your debt early, you will not have to pay a penalty.

Security Interest. You are giving a security interest in the vehicle being purchased.

Additional Information: See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date and security interest.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

**WARRANTIES SELLER DISCLAIMS**

Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide.

Used Car Buyers Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation: Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

Buyer Signs X _____  Co-Buyer Signs X _____

LINDSAY AUTOMOTIVE, INC dba LINDSAY HONDA
5959 SCARBOROUGH BLVD.
COLUMBUS OH 43232

# RETAIL PURCHASE AGREEMENT

Cust#: 480564
Deal #: 246911
Stock #: 16508
Date: 03/27/2017

Purchaser's Name(s): MICHAEL ISBELL   REBECCA ISBELL

County: _____

Address: _____

Home Telephone: _____ Work Telephone: _____ Cell: _____

Email: _____ D.L./State I.D.#_____ Issuing State: _____ Exp. Date: _____

The above information has been requested so that we may verify your identity. By signing below, you represent that you are at least 18 years of age and have authority to enter into this Agreement. The Odometer Reading for the Vehicle you are purchasing is accurate unless indicated otherwise. Please refer to the Federal Mileage Statement for full disclosure.

| YEAR | MAKE | MODEL | COLOR | TYPE | |
|---|---|---|---|---|---|
| 2015 | CHEVROLET | EQUINOX | GRAY | | 16508 |
| VIN/SERIAL NO. 2GNFLFEKXF6232840 | | ODOMETER READING ☐ Not Accurate 34440 | SALESPERSON | | |
| THE VEHICLE IS: ☐ NEW ☑ USED | PRIOR USE DISCLOSURE: ☐ DEMONSTRATOR ☐ FACTORY OFFICIAL ☐ RENTAL ☐ OTHER | | TO BE DELIVERED ON OR ABOUT 03/27/2017 | | |

| | |
|---|---|
| | CASH PRICE OF VEHICLE |  17000.00 |

| | |
|---|---|
| We are selling this Vehicle to you AS-IS and we expressly disclaim all warranties, express and implied, including any implied warranties of merchantability and fitness for a particular purpose, unless the box beside "USED VEHICLE LIMITED WARRANTY APPLIES" is marked below or we enter into a service contract with you at the time of, or within 90 days of, the date of this transaction. Any warranties by a manufacturer or supplier other than our Dealership are theirs, not ours, and only such manufacturer or supplier shall be liable for performance under such warranties. We neither assume nor authorize any other person to assume for us any liability in connection with the sale of the Vehicle and the related goods and services. CONTRACTUAL DISCLOSURE STATEMENT (USED VEHICLES ONLY) The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale. Traducción española: Vea al dorso. | TOTAL WE OWES |  N/A |
| | |  N/A |
| | |  N/A |
| | |  N/A |
| ☐ USED VEHICLE LIMITED WARRANTY APPLIES. We are providing the attached Limited Warranty. Any implied warranties apply for the duration of the Limited Warranty | |  N/A |
| | |  N/A |
| X _____       X _____ | |  N/A |
| | GAP PROTECTION |  N/A |

| | |  |
|---|---|---|
| Trade-in (1) Year:       Make:       Model:       Color: | |  N/A |
| VIN/Serial No:       Odometer Reading: ☐ Not Accurate | |  N/A |
| Trade-in Allowance (1):   N/A     Payoff & Lienholder:   N/A | *DOCUMENTARY SERVICE FEE |  250.00 |
| Trade-in (2) Year:       Make:       Model:       Color: | TOTAL SELLING PRICE |  17250.00 |
| VIN/Serial No:       Odometer Reading: ☐ Not Accurate | LESS TRADE-IN ALLOWANCE |  N/A |
| Trade-in Allowance (2):   N/A     Payoff & Lienholder:   N/A | | |
| NEGATIVE EQUITY: You are aware that the Payoff on your Trade-In/Lease Turn-In Vehicle exceeds the Trade-In Allowance from us and, as a result, you have requested that the Total Due be increased by $  N/A  X _____ | TAXABLE AMOUNT |  17250.00 |
| | SALES TAX |  1293.75 |
| **DEPOSIT/PARTIAL PAYMENT: The Cash Deposit/Partial Payment/Down Payment is not refundable, except as set forth in this Agreement. In the case of a Deposit, we will refrain from selling the vehicle for 3 days. | TITLE FILING FEE |  15.00 |
| | REGISTRATION FEE |  18.50 |

| | |  |
|---|---|---|
| PLEASE SEE THE VEHICLE DELIVERY REPORT | PLUS PAYOFF ON TRADE-IN(S) |  N/A |
| | TOTAL DUE |  18577.25 |
| | LESS PARTIAL PAYMENT/DOWN PAYMENT ** (Please see Reverse Side) |  2000.00 |
| SEE ATTACHED AGREEMENT TO ARBITRATE | LESS REBATE/FACTORY INCENTIVE |  N/A |
| *Documentary Service Fee: This fee is charged by the Dealership for performing administrative services and processing documents related to the closing of a sale. This fee is charged by the Dealership in accordance with O.R.C.§ 4517.261. | OTHER |  N/A |
| | UNPAID BALANCE DUE |  16577.25 |

Waiver of Jury Trial: The Dealership and Purchaser knowingly, voluntarily and intentionally waive any right they may have to a trial by jury in any litigation based upon or arising out of this Agreement, any document related to this transaction, any course of conduct, dealing, statements (whether oral or written), or any act of Dealership or Purchaser.

☒ LIMITED RIGHT TO CANCEL APPLIES: If you have entered into a Spot Delivery Agreement-Limited Right to Cancel, the sale of the Vehicle is conditioned on final approval of financing by, or assignment of the Retail Installment Sale Contract to a lender. If final financing approval is not obtained and/or the Contract cannot be assigned, you or the Dealership may cancel the Contract in accordance with this Agreement, the Spot Delivery Agreement-Limited Right to Cancel, and the Retail Installment Sale Contract; please read these documents and Paragraph 15 on the reverse side for important details.

The front and back of this document and any documents which are part of this transaction or incorporated herein comprise the entire agreement affecting this Retail Purchase Agreement and no other agreement or understanding of any nature concerning the same has been made or entered into, or will be recognized. I have read the terms and conditions of this Agreement, including the terms and conditions that appear on the reverse side, and agree to them as if they were printed above my signature. I further acknowledge receipt of a copy of this Agreement. This Agreement shall not become binding until signed and accepted by an Authorized Dealership Representative.

Purchaser _____ Date 03/27/2017

Accepted by Authorized Dealership Representative _____ Date 03/27/2017

Purchaser _____ Date 03/27/2017

38089*1*HON-FI

## ITEMIZATION OF AMOUNT FINANCED

1. Cash Price of vehicle, accessories, and taxes $ 18293.75 (1)
2. Other charges including amounts paid to others on your behalf
   (Seller may keep part of these amounts):
   A. Government taxes not included in line 1 above $ N/A
   B. Government license and/or registration fees
      **TEMPORARY TAG** $ 18.50
   C. Government certificate of title fees $ 15.00
   D. Net trade-in payoff to ___N/A___ $ 0.00
   E. Optional Gap Contract $ N/A
   F. Documentary Fee $ 250.00
   G. Other Charges (Seller must identify who is paid and describe purpose.)

   | | | |
   |---|---|---|
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |
   | to N/A | for N/A | $ N/A |

   Total other charges and amounts paid to others on your behalf $ 283.50 (2)
3. Total cash price (1 + 2) $ 18577.25 (3)
4. Downpayment
   Gross trade-in $ ___N/A___ -payoff by seller $ N/A
   = net trade-in $ ___N/A___ +cash $ 2000.00
   +other (describe) ___N/A___ $ N/A
   Total downpayment = (if negative enter "0" and see line 2D above) $ 2000.00 (4)
5. Unpaid balance of cash price (3 minus 4) $ 16577.25 (5)
6. Insurance
   A. Cost of optional credit insurance paid to insurance company or companies
      Life ___N/A___ $ N/A
      Disability ___N/A___ $ N/A
   B. Other optional insurance paid to Insurance Company or Companies $ N/A
   Total insurance charges $ N/A (6)
7. Amount financed (principal balance) (5 + 6) $ 16577.25 (7)
8. Finance charge $ 8589.87 (8)
9. Total of payments (time balance) (7 + 8) $ 25167.12 (9)

**OPTION:** ☐ You pay no finance charge if the Amount Financed, item 7, is paid in full on or before _____, Year _____. SELLER'S INITIALS _____.

**OPTIONAL GAP CONTRACT.** A gap contract (debt cancellation contract) is not required to obtain credit and will not be provided unless you sign below and agree to pay the extra charge. If you choose to buy a gap contract, the charge is shown in item 2E of the Itemization of Amount Financed. See your gap contract for details on the terms and conditions it provides. It is a part of this contract.

Term _____ Mos. ___N/A___
Name of Gap Contract

I want to buy a gap contract.

Buyer Signs X _____

---

### Limited Right to Cancel

☐ **If checked, a limited right to cancel applies:**
You agree that we have __N/A__ days from the date you sign this contract to assign this contract. If we are unable to assign this contract within this time period, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period. **Please see page 4 of this contract for important terms of this limited right to cancel.**

_____ _____
**Buyer Initials** **Co-Buyer Initials**

Buyer Signs X _____ Co-Buyer Signs X _____

---

Insurance. You may buy the physical damage insurance this contract requires from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

### Check the insurance you want and sign below:

**Optional Credit Insurance**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

☐ Credit Disability: ☐ Buyer ☐ Co-Buyer ☐ Both

Premium:

Credit Life $ _____ N/A

Credit Disability $ _____ N/A

Insurance Company Name
**N/A**

Home Office Address
**N/A**

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. If you choose this insurance, the cost is shown in Item 6A of the Itemization of Amount Financed. Credit life insurance is based on your original payment schedule. This insurance may not pay all you owe on this contract if you make late payments. Credit disability insurance does not cover any increase in your payment or in the number of payments. Coverage for credit life insurance and credit disability insurance ends on the original due date for the last payment unless a different term for the insurance is shown below.

### Other Optional Insurance

☐ _____N/A_____ N/A
Type of Insurance | Term

Premium $ ___N/A___
Insurance Company Name
**N/A**

Home Office Address
**N/A**

☐ _____N/A_____ N/A
Type of Insurance | Term

Premium $ ___N/A___
Insurance Company Name
**N/A**

Home Office Address
**N/A**

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.

X ___N/A___
Buyer Signature | Date

X ___N/A___
Co-Buyer Signature | Date

**THIS INSURANCE DOES NOT INCLUDE INSURANCE ON YOUR LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE. WITHOUT SUCH INSURANCE YOU MAY NOT OPERATE THIS VEHICLE ON PUBLIC HIGHWAYS.**

Amount of Security Interest Recording Fee Paid in Cash
$ ___N/A___

Returned Check Charge: You agree to pay a charge not to exceed $20 if any check you give us is dishonored.

Buyer Signs X _____ Co-Buyer Signs X _____

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** We will figure the Finance Charge on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We may apply each payment to the earned and unpaid part of the Finance Charge, to the unpaid part of the Amount Financed and to other amounts you owe under this contract in any order we choose.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on page 1 of this contract, on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

d. **You may prepay.** You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

e. **Your right to refinance an irregular payment schedule.** An irregular payment schedule is one with payments not scheduled to be paid in substantially equal consecutive payments. If you have an irregular payment schedule and if you are buying the vehicle primarily for personal, family, or household use, you may refinance this contract without penalty. The terms of the refinancing will be no less favorable to you than the terms of this contract. This provision does not apply if we adjusted your payment schedule to your seasonal or irregular income.

### 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security interest.**
   You give us a security interest in:
   - The vehicle and all parts or goods installed in it;
   - All money or goods received (proceeds) for the vehicle;
   - All insurance, maintenance, service or other contracts we finance for you; and
   - All proceeds from insurance, maintenance, service or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle.

d. **Insurance you must have on the vehicle.**
   You agree to have physical damage insurance covering loss of or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. You agree to name us on your insurance policy as an additional insured and as loss payee. If you do not have this insurance, we may exercise our rights under this contract, or if we choose, buy physical damage insurance covering our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on page 1 of this contract. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once (accelerate). Default means:
   1. You do not pay any payment on time;
   2. You give false, incomplete, or misleading information on a credit application;
   3. You start a proceeding in bankruptcy or one is started against you or your property; or
   4. You break any agreements in this contract.

If your only default is that you did not pay a payment on time, we may accelerate this contract only if your default continues for at least 30 days. Otherwise, we may accelerate any time after you default. Our right to accelerate is subject to any right the law gives you to reinstate this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

d. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

**e.** **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. If any money is left (surplus), we will pay it to you unless the law requires us to pay it to someone else. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at a rate not exceeding the highest lawful rate until you pay.

**f.** **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

**4.** **Servicing and Collection Contacts.**
You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

**5.** **Applicable Law**
Federal law and the law of the state of our address shown on page 1 of this contract apply to this contract.

---

### Limited Right to Cancel

a. We agree to deliver the vehicle to you on the date this contract is signed by us and you. You understand that it may take a few days for us to verify your credit and assign this contract. You agree that we have the number of days stated on page 2 of this contract to assign this contract. If we are unable to assign this contract within this period of time to any one of the financial institutions with whom we regularly do business, you or we may cancel this contract. This limited right to cancel will end at the earlier of the date we assign the contract or the end of the stated time period.

b. We will notify you if we cannot assign this contract and if we elect to cancel this contract. Upon receipt of such notice, you must comply with "Buyer's Obligations" described below and we must give back to you all consideration we have received in accordance with the terms of the Buyers Order.

c. Buyer's Obligations: If we do not assign the contract within the time described above, and you or we cancel this contract as provided above, you must return the vehicle to us immediately in the same condition as when sold, reasonable wear and tear excepted. You agree to pay us the cost of repairing any damage occurring to the vehicle while it is in your possession and to hold us harmless from any expenses, costs and fees arising out of any act pertaining to the operation of the vehicle while it is in your possession. If the vehicle is immobilized or impounded while in your possession, you agree to do whatever is necessary to ensure the vehicle's return to us. If you do not return the vehicle immediately, you will be liable for all expenses incurred by us in taking the vehicle from you. If you fail to return the vehicle, we may use any legal means to take it back.

d. While the vehicle is in your possession, all terms of this contract, including those relating to use of the vehicle and insurance for the vehicle, are in full force and you assume all risk of loss or damage to the vehicle.

e. Nothing in this section gives you the right to cancel this contract for reasons unrelated to our assignment of this contract.

---

### NO COOLING OFF PERIOD

**State law does not provide for a "cooling off" or cancellation period for this sale. After you sign this contract, you may only cancel it if the seller agrees, if this contract is subject to the limited right to cancel described on page 2, or for legal cause. You cannot cancel this contract simply because you change your mind. This notice does not apply to home solicitation sales.**

---

Buyer Signs X _____  Co-Buyer Signs X _____

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to this contract must be in writing and we must sign it. No oral changes are binding. Buyer Signs **X**_____ Co-Buyer Signs **X**_____

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

See the rest of this contract for other important agreements.

**NOTICE TO RETAIL BUYER: Do not sign this contract in blank. You are entitled to a copy of the contract at the time you sign. Keep it to protect your legal rights.**

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You acknowledge that you have read all pages of this contract, including the arbitration clause below, before signing below. You confirm that you received a completely filled-in copy when you signed it.

Buyer Signs **X**_____ Date _03/27/2017_ Co-Buyer Signs **X**_____ Date _03/27/2017_

Co-Buyers and Other Owners — A co-buyer is a person who is responsible for paying the entire debt. An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this contract.

Other owner signs here **X**_____ Address _N/A_

Seller signs _LINDSAY AUTOMOTIVE, INC dba LINDSAY HONDA_ Date _03/27/2017_ By **X**_____ Title _____

| Seller assigns its interest in this contract to **FRIENDLY FINANCE CORPORATION** | | | (Assignee) under the terms of Seller's agreement(s) with Assignee. | | |
|---|---|---|---|---|---|
| Assigned without or with limited recourse LINDSAY AUTOMOTIVE, INC dba LINDSAY HONDA | | | Assigned with recourse | | |
| Seller | By | Title | Seller | By | Title |

## ARBITRATION CLAUSE
### PLEASE REVIEW – IMPORTANT – AFFECTS YOUR LEGAL RIGHTS

1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.
2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.
3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, in tort, statute or otherwise (including the interpretation and scope of this Arbitration Clause, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. If federal law provides that a claim or dispute is not subject to binding arbitration, this Arbitration Clause shall not apply to such claim or dispute. Any claim or dispute is to be arbitrated by a single arbitrator on an individual basis and not as a class action. You expressly waive any right you may have to arbitrate a class action. Arbitration shall be conducted by the American Arbitration Association, 1633 Broadway, 10th Floor, New York, New York, 10019 (www.adr.org), or any other organization that you choose subject to our approval. You may get a copy of the rules of these organizations by contacting the arbitration organization or visiting its website.

Arbitrators shall be attorneys or retired judges and shall be selected pursuant to the applicable rules. The arbitrator shall apply governing substantive law in making an award. The arbitration hearing shall be conducted in the federal district in which you reside unless the Creditor-Seller is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed. We will advance your filing, administration, service or case management fee and your arbitrator or hearing fee all up to a maximum of $2500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. If the chosen arbitration organization's rules conflict with this Arbitration Clause, then the provisions of this Arbitration Clause shall control. The arbitrator's award shall be final and binding on all parties, except that in the event the arbitrator's award for a party is $0 or against a party is in excess of $100,000, or includes an award of injunctive relief against a party, that party may request a new arbitration under the rules of the arbitration organization by a three-arbitrator panel. The appealing party requesting new arbitration shall be responsible for the filing fee and other arbitration costs subject to a final determination by the arbitrators of a fair apportionment of costs. Any arbitration under this Arbitration Clause shall be governed by the Federal Arbitration Act (9 U.S.C. § 1 et. seq.) and not by any state law concerning arbitration.

You and we retain all rights to self-help remedies, such as repossession. You and we retain the right to seek remedies in small claims court for disputes or claims within that court's jurisdiction, unless such action is transferred, removed or appealed to a different court. Neither you nor we waive the right to arbitrate by using self-help remedies or filing suit. Any court having jurisdiction may enter judgment on the arbitrator's award. This Arbitration Clause shall survive any termination, payoff or transfer of this contract. If any part of this Arbitration Clause, other than waivers of class action rights, is deemed or found to be unenforceable for any reason, the remainder shall remain enforceable. If a waiver of class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this Arbitration Clause shall be unenforceable. Notwithstanding any other provision of this Arbitration Clause, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.


**FORM NO. 553-OH-ARB-eps** (REV 9/12) U.S PATENT NO. D460,782
©2012 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.